FILED

2008 May-01  PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **HUNT COCHRANE, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:07-cv-02348-RDP** |
| | } | |
| **KENNETH P MECHLIN, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

The court has before it Plaintiffs Hunt Cochrane and Transportation Equipment Sales, LLC's

Motion for Default Judgment against Defendants Kenneth P. Mechlin and Wright Way Truck and

Trailer, Inc. (Doc. # 6) based upon Defendants' failure to appear or otherwise respond to the

allegations of the complaint.  The court held a hearing on the motion on April 22, 2008.  For the

reasons outlined below, the motion is due to be granted.

## I.    Procedural History and Relevant Law

This action was commenced on December 28, 2007, by the filing of Plaintiffs' complaint

seeking monetary damages for alleged breach of contract and fraud/suppression. (Doc. # 1).  The

court's docket sheet reflects that Defendant Wright Way Truck & Trailer, Inc. was served with the

Summons and Complaint by certified mail on December 31, 2007, while Defendant Kenneth P.

Mechlin was served with the Summons and Complaint by certified mail on January 3, 2008.  (Doc.

# 4).

To date, Defendants have neither filed anything with the court in their defense nor contacted

the court in any manner about this case, despite having been served with a summons, a complaint,

and the pending Motion for Default Judgment.  Therefore, in response to Plaintiffs' February 6, 2008 Motion for Entry of Default (Doc. # 6), default was entered against Defendants by the Clerk of Court on February 7, 2008 pursuant to Federal Rule of Civil Procedure 55(a).[1]  (Doc. # 7).

Plaintiffs now seek default judgment pursuant to Rule 55(b) against Defendants for monetary damages in the amount of $136,000.00 (the principal amount paid pursuant to the contract), plus prejudgment and postjudgment interest at the rate of six percent (6%) per annum commencing November 16, 2007, punitive damages in an amount to be determined by the court, and attorney's fees and costs.  (Doc. # 6, at 2).  Rule 55(b) states in relevant part:

(b) [Default] Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55(b)(1),(2).

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).

On March 11, 2008, the court entered an order setting this case for an evidentiary hearing on the matter of damages. (Doc.# 8). The court determined that an evidentiary hearing was appropriate under Rule 55(b)(2) given that Plaintiffs have requested not only a sum certain of damages but also punitive damages and attorney's fees "in an amount to be determined by the court." *See, e.g., United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted). As the Eleventh Circuit emphasized in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), with respect to Rule 55, "[t]here can be no 'judgment' without a determination of relief." *Chudasama*, 123 F.3d at 1364 n.27.

The evidentiary hearing was scheduled to begin at 10:00 a.m. on April 22, 2008. (Doc. # 8). The clerk served Defendants with the order scheduling the hearing at their last known address. The court and counsel for Plaintiffs waited approximately fifteen minutes beyond the scheduled start time to begin the hearing,[2] but Defendants never appeared. At the hearing, the court heard argument of counsel, and discussed relevant evidence already in the record.

## II.    Discussion

After considering all of the evidence of record in light of the relevant caselaw, the court finds that entry of a default judgment in favor of Plaintiffs and against Defendants is appropriate. All of the requirements of Rule 55(b)(2) are satisfied in this case. Plaintiffs have submitted affidavit testimony evidencing the neither Kenneth P. Mechlin nor Wright Way Truck is an infant or

---

[2]The court delayed starting the hearing for fifteen minutes in case Defendants were running late.

incompetent person. (Doc. # 6, at 2).   Neither Defendant has appeared in this case (Doc. # 6, at 2), but in any event, Defendants were given notice of the April 22, 2008 damages hearing well over a month in advance (Doc. # 8).   Because Defendants have previously been declared in default by the court's order of February 7, 2008 (Doc. # 7), Defendants' liability is established.  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Plaintiffs' claims against Defendants, which sound in breach of contract and fraud/suppression, arise out of the failure of Defendants to deliver four tractor trailers pursuant to a signed purchase agreement dated November 16, 2007.  (Doc. # 1, at 1-2, Ex. A).  For the purposes of default judgment, the following well-pleaded allegations of fact contained in the complaint are taken as true.  *Buchanan*, 820 F.2d at 361.  On November 16, 2007, Plaintiffs wired $136,000.00 to Defendants in payment for four tractor trailers pursuant to the agreement. (Doc. # 1, at 2, Ex. B). After Defendants failed to deliver the trailers purchased, Plaintiffs learned that Defendants "could not obtain title to the trailers and therefore could not transfer title to Plaintiffs."  (Doc. # 1, at 2). Plaintiffs' written and oral demands for a return of the purchase money were likewise unsuccessful. (Doc. # 1, at 2, Ex. C).

In determining the amount of damages due to Plaintiffs on their two claims, the court has considered the affidavit testimony, evidence of record, and testimony given at the hearing.  With respect to the breach of contract claim, Plaintiffs seek return of a sum certain or a sum which can by computation be made certain, to wit:  $136,000.00 in principal in addition to interest at the rate of six percent (6%) per annum beginning November 16, 2007.  (Doc. # 6, at 2).  On this claim for certain and specific damages, default judgment pursuant to Rule 55(b)(1) is appropriate.

4

With respect to the fraud/suppression claim, Plaintiffs seek punitive damages and attorney's fees in an unspecified amount based upon the averment that Defendant Mechlin "made misrepresentations of material fact either innocently, recklessly without knowledge or willfully to deceive Plaintiffs into entering the Agreement." (Doc. # 1, at 3; Doc. # 6, at 2). The court notes that Plaintiffs' fraud/suppression claim is not simply one claim, but three claims pled in the alternative based upon whether the evidence demonstrates that Defendant Mechlin's misrepresentation was innocent, reckless, or willful. As Plaintiffs conceded at the hearing, only evidence of *willful* deceit, beyond innocent fraud or suppression, will support an award of punitive damages in this case. The evidence before the court, however, supports only Plaintiffs' claim of innocent misrepresentation and does not demonstrate that Defendant Mechlin's conduct was reckless or willful. Accordingly, the court finds no evidence to warrant the imposition of punitive damages against Defendants.[3]

## III.    Conclusion

Accordingly, Plaintiffs' request for the entry of a final default judgment against Defendants is due to be granted, and Plaintiffs are due to recover from Defendants the total sum of $136,000.00 (the principal amount paid pursuant to the contract), plus prejudgment and postjudgment interest at the rate of six percent (6%) per annum commencing November 16, 2007. The court will enter a final default judgment in favor of Plaintiffs and against Defendants that is consistent with this Memorandum Opinion.

---

[3] Plaintiffs also conceded at the evidentiary hearing that given that only state common law claims are pled in the complaint, the court has no authority to award attorney's fees in this case.

5

**DONE** and **ORDERED** this _____1st_____ day of May, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE